UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTIAN GIBSON,

       Plaintiff,

v.                                      Case No:  8:26-cv-00257-JLB-CPT

RITHUM, INC.,

       Defendant.

_____/

## ORDER

This matter is before the Court on Defendant Rithum, Inc.'s Motion to Sanction Plaintiff Christian Gibson.  (Doc. 16).  Upon careful review, the Motion is **DENIED**.

Plaintiff, proceeding *pro se*, brought suit against Defendant in state court following his termination. (Doc. 1-1).  Plaintiff's causes of action include retaliation in violation of the Family Medical Leave Act ("FMLA"), interference with FMLA rights, disability discrimination, wrongful termination, race discrimination, COBRA notice failure, breach of implied agreement, and negligent and intentional infliction of emotional distress.  (*Id.* at 59–60). Defendant timely removed the action to federal court pursuant to 28 U.S.C. § 1331.  (Doc. 1).

Defendant's Motion for Sanctions seeks dismissal of this lawsuit with prejudice and the award of reasonable attorneys' fees and costs incurred by Defendant.  (Doc. 16 at 7).  Defendant argues that Plaintiff's claims are

expressly barred by a Release and Separation Agreement signed by Plaintiff voluntarily. (*See id.*; Doc. 16-1). Indeed, the Release provides that Plaintiff "waive[s], any and all claims, suits, demands, actions and/or other causes of action." (Doc. 16-1 at 2). Thus, Defendant moves for the Court to impose sanctions pursuant to Federal Rule of Civil Procedure 11(c) against Plaintiff for bringing a frivolous claim in violation of Rule 11(b). (*See* Doc. 16) (citing Fed. R. Civ. P. 11(c) (allowing the court to impose sanctions for violation of Rule 11(b); Fed. R. Civ. P. 11(b) (providing that, by pleading to the court, the "party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the claims are "not being presented for any improper purpose," "are warranted by existing law," and "have evidentiary support.")).

Here, Defendant contends that Plaintiff should have known his claims were frivolous because he signed the release "knowingly and voluntarily." (*Id.* at 5–6). To determine whether an agreement was entered into knowingly and voluntarily, a court considers the following factors: (1) "plaintiff's education and business experience;" (2) "the amount of time the plaintiff considered the agreement before signing it;" (3) the clarity of the agreement;" (4) "the plaintiff's opportunity to consult with an attorney;" (5) "the employer's encouragement or discouragement of consultation with an attorney; and" (6) "the consideration given in exchange for the waiver when compared with the benefits to which the employee was already entitled." *Beadle v. City of Tampa,*

42 F.3d 633, 635 (11th Cir. 1995). Defendant asserts that each factor weighs in favor of Plaintiff having knowingly and voluntarily signed the release. (Doc. 16 at 5). There is no citation, however, to record evidence of Defendant's assertion that Plaintiff holds a bachelor's degree in business administration or that he has seven years of work experience. (*See id.*). Further, although the Release provided Plaintiff seven days to consider its terms, Plaintiff signed it just two days after receipt. (*See* Doc. 16-1 at 1, 5).

When evaluating a motion for sanctions, the court "first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995). The Court is mindful that "Rule 11 applies to pro se plaintiffs . . . [and] the court must take into account the plaintiff's pro se status when determining whether the filing was reasonable." *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989). Here, it is not clear—especially in considering Plaintiff's *pro se* status—that he should have been or that he was aware that his claims are frivolous. *See, e.g.*, *Muhammad v. Ashford at Stoneridge Apts. LP*, No. 1:23-CV-05696-SEG, 2024 WL 6981163, at *9 (N.D. Ga. Dec. 2, 2024) (declining to grant a motion for sanctions against a *pro se* litigant bringing claims barred under a settlement agreement).

The Court's denial of the Motion for Sanctions should not encourage Plaintiff to file further actions against Defendant. Plaintiff's signing of the Release waived "*any and all claims*" against Defendant under a broad array of laws and jurisdictions. (*See* Doc. 16-1 at 2).

### CONCLUSION

Accordingly, Defendant's Motion for Sanctions (Doc. 16) is **DENIED**.

**ORDERED** in Tampa, Florida, on April 22, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

4